MONIKA UNIQUE CHISHOLM
v.
STATE FARM INSURANCE COMPANIES.
No. 2007 CA 1132.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
WINSTON G. DECUIR, JR., SUCHITRA J. SATPATHI, Baton Rouge, LA, Counsel for Plaintiff/Appellant, Monika Chisholm.
HENRY G. TERHOEVE, Baton Rouge, LA, Counsel for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
Before: WHIPPLE, GUIDRY, and HUGHES, JJ.
WHIPPLE, J.
Plaintiff; Monika Unique Chisholm, appeals a trial court judgment dismissing her claims against defendant, State Farm Mutual Automobile Insurance Company (State Farm), and awarding State Farm damages on its reconventional demand. For the reasons that follow, we affirm.

BACKGROUND
On the evening of December 6, 2001, Ms. Chisholm reported her 1999 Mercedes Benz E320 stolen from the parking lot at Cortana Mall in Baton Rouge, Louisiana. The vehicle was found that same evening near Zachary, Louisiana, where it had been set on fire with the aid of a flammable liquid. Ms. Chisholm made a claim for her loss with her automobile insurer, State Farm, which provided Ms. Chisholm with a rental car while it conducted an investigation into the circumstances surrounding the incident. During the course of this investigation, Ms. Chisholm was asked to provide certain documentation to State Farm, including authorizations allowing State Farm to obtain access to her financial records; however, Ms. Chisholm refused to sign these authorizations. State Farm ultimately denied Ms. Chisholm's claim on March 28, 2002, contending that Ms. Chisholm had made false statements with the intent to deceive in connection with the claim. State Farm also alleged that Ms. Chisholm's loss was not an accidental loss within the meaning of the policy.
Upon the denial of her claim, Ms. Chisholm initially filed suit against State Farm in the United States District Court for the Middle District; however, that suit ultimately was dismissed for lack of subject matter jurisdiction. On April 22, 2004, Ms. Chisholm reinstituted her claim by filing suit against State Farm in the 19th Judicial District Court for the parish of East Baton Rouge. State Farm subsequently filed a reconventional demand, seeking reimbursement for certain policy benefits paid to Ms. Chisholm as a result of her claim, the cost of investigating the claim, and the costs of defending the federal and state suits, including attorney's fees. Ms. Chisholm responded to the reconventional demand by filing a peremptory exception pleading the objection of no cause of action alleging, in part, that State Farm's reconventional demand had prescribed. The trial court denied the objections raised by the peremptory exception, and the matter was set for trial.
At trial, Ms. Chisholm contended that State Farm had breached its contract with her and that it had been arbitrary and capricious in denying of her claim. As a defense to these claims, as well as in support of its reconventional demand, State Farm asserted that Ms. Chisholm was uncooperative in its investigation of her claim. State Farm also contended that Ms. Chisholm was somehow involved in the theft and arson of her vehicle. In support of this assertion, State Farm offered evidence to demonstrate that Ms. Chisholm had a proven history of living beyond her means, and that she retained possession of both keys to the vehicle. Further State Farm established that Ms. Chisholm's vehicle had such a sophisticated security system that the vehicle was particularly difficult, if not impossible, to steal.
After the trial, the court issued written reasons for judgment in favor of State Farm. Specifically, the court found that Ms. Chisholm's vehicle was stolen under highly suspicious circumstances and concluded that Ms. Chisholm was involved, at least indirectly, in the arson of her vehicle. The court dismissed Ms. Chisholm's claim with prejudice and awarded damages to State Farm in the amount of $5,620.87,[1] along with interest from the date of judicial demand, and court costs. A judgment in accordance with these reasons was signed on September 14, 2006, and this appeal by Ms. Chisholm followed.[2]

DISCUSSION
In her first assignment of error, Ms. Chisholm contends that the trial court erred in considering her financial information in determining whether State Farm met its burden of proving that she was involved in the arson of her vehicle. According to Ms. Chisholm, State Farm should not have been allowed to use her financial information to prove its case, since it objected to her interrogatories specifically questioning how this information was to be used by State Farm.
The interrogatory at issue provided:
Please state whether or not consumer credit information is used in assessing a claim by a policy holder of State Farm. If so, describe in detail to how the credit information of a State Farm policy holder is used in issuing the policy, setting the premium and adjusting a claim.
State Farm objected to this interrogatory by plaintiff, contending that it was "ambiguous, vague, irrelevant, immaterial, overbroad, unduly burdensome, and [was] not reasonably calculated to lead to the discovery of admissible evidence."
As a preliminary matter, we note that the trial court is granted a broad range of discretion when ruling on the admissibility of evidence, and evidentiary rulings shall not be disturbed on appeal absent a clear abuse of that discretion. Grayson v. R. B. Ammon and Associates, Inc., 99-2597, p. 8 (La. App. 1st Cir. 11/3/00), 778 So. 2d 1, 10, writs denied, XXXX-XXXX, XXXX-XXXX (La. 1/26/01), 782 So. 2d 1026, 1027. In this matter, State Farm asserted as an affirmative defense that Ms. Chisholm was involved in the theft and arson of her vehicle. Clearly, evidence of Ms. Chisholm's financial condition was admissible to prove that she had a financial motive for destroying her vehicle. See Evans v. State Farm General Insurance Company, 36,539, pp. 6-8 (La. App. 2nd Cir. 12/11/02), 833 So. 2d 1143, 1147, writ denied, XXXX-XXXX (La. 3/21/03), 840 So. 2d 539. Accordingly, we find no abuse of discretion on the part of the trial court.
As an additional argument, Ms. Chisholm essentially asserts on appeal that State Farm's objection to the interrogatory amounts to a judicial admission that the financial infonnation was irrelevant and that State Farm should not have been allowed to rely on such information in proving its case. Ms. Chisholm further suggests that there should be an adverse presumption that the evidence State Farm failed to produce would be detrimental to its case. We disagree.
State Farm's response merely noted its objection to the interrogatory. If Ms. Chisholm was dissatisfied with the answers provided by State Farm, she had the option of filing a motion for an order compelling discovery. LSA-C.C.P. art. 1469. Had State Farm failed to comply with such an order, Ms. Chisholm then had the option of applying to the trial court for an order prohibiting State Farm from introducing certain evidence. LSA-C.C.P. art. 1471. However, Ms. Chisholm did not take any such action in the proceedings below. Thus, we find no error in the trial court's admission of the evidence of Ms. Chisholm's financial condition.
In her second assignment of error, Ms. Chisholm contends that State Farm failed to carry its burden of establishing by convincing proof that she was responsible for the theft and destruction of her vehicle. By raising the affirmative defense of arson, the insurer has the burden of establishing by convincing proof, that the fire was of incendiary origin and that the plaintiff was responsible for it. An insurer need not prove its case beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Rist v. Commercial Union Insurance Company, 376 So. 2d 113 (La. 1979). Proof of motive, plus establishment of the incendiary origin of the fire, in the absence of credible rebuttal evidence, is sufficient to sustain the affirmative defense of arson. Miley v. United States Fidelity and Guaranty Company, 94-1204, p. 4 (La. App. 1st Cir. 4/7/95), 659 So. 2d 792, 794, writ denied, 95-1101 (La. 6/16/95), 660 So. 2d 436. In addition, arson may be proved by circumstantial evidence. Again, the insurer need not prove its case beyond a reasonable doubt. Rather, such circumstantial evidence need only exclude every other reasonable hypothesis than that the plaintiff is responsible for the fire. Id.
Whether the insurer has adequately proven the arson defense is a factual determination. Id. The appellate court's review of factual findings is governed by the manifest en-or-clearly wrong standard.[3] The two-part test for the appellate review of a factual finding is: (1) whether there is a reasonable factual basis in the record for the finding of the trial court; and (2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So. 2d 1120, 1127 (La. 1987). Thus, if there is no reasonable factual basis in the record for the trial court's finding, no additional inquiry is necessary to conclude there was manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court's factual finding only if, after reviewing the record in its entirety, it determines that the trial court's finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So. 2d 880, 882 (La. 1993). The manifest error standard of review obligates an appellate court to give great deference to the trial court's findings of fact. We will not reverse factual determinations, absent a finding of manifest error. Rosell v. ESCO, 549 So. 2d 840, 844 (La. 1989).
The trial court found that the fire was of incendiary origin and further concluded that Ms. Chisholm was involved, at least indirectly, in the arson of her vehicle. Ms. Chisholm does not dispute the finding that the fire was of incendiary origin; however, she does dispute the trial court's finding that she was involved in the arson.
At trial, Ms. Chisholm testified that she parked her vehicle at Cortana Mall at approximately 7:30 p.m. on December 6, 2001. She testified that she locked the car and that she had both keys to the vehicle with her.[4] At 8:20 p.m., the Zachary Fire Department was notified that the vehicle was burning on Barnette Road. Ms. Chisholm reported the car stolen at the mall approximately twenty-five minutes after the fire had been reported.
The record further indicates that there was no broken glass in the area in which Ms. Chisholm parked her vehicle. In addition, one of the witnesses who found the burning vehicle and notified the fire department, testified that the windows were intact and closed when he first saw the vehicle, until they "blew out" as a result of the fire. Moreover, State Farm introduced the testimony of Randy Callison, an expert in the field of the cause and origin of vehicle fires, as well as in the theft of vehicles and vehicle security systems. Mr. Callison testified extensively about the sophisticated security system and anti-theft features of Ms. Chisholm's vehicle, particularly the steering column in the vehicle. According to Mr. Callison, the steering wheel was locked at the time of the fire. He further stated that the steering wheel lock bolt showed no signs of having been tampered with or defeated, and that there was no evidence of mechanical compromise to the steering system. Based on these findings, Mr. Callison concluded that the only way the vehicle could have been moved from one area of town to another was by using the vehicle's key or a tow truck.
Ms. Chisholm offered no evidence to contradict this testimony. Instead, she suggested that perhaps the vehicle had been towed from the mall parking lot. However, mall security officers testified that their duties required them to notify their supervisors of the presence of any tow trucks in the parking lot, and that they did not notice any tow trucks on the night of the alleged theft. Notably, Mr. Callison testified that even if the vehicle had been stolen by using a tow truck, the vehicle's alarm still would have sounded. However, mall security did not have any record of a car alarm sounding on the night of the alleged theft.
The trial court also considered evidence of Ms. Chisholm's financial condition at the time of the alleged theft. The record indicates that Ms. Chisholm purchased the vehicle for $51,859.03, and that her monthly payment on the vehicle was over $1,000.00. The record further indicates that Ms. Chisholm's monthly house payment at that time was also over $1,000.00, but that she reported only $20,774.00 in income on her 2001 tax return. She contended that her fiance and her mother helped her pay her bills; however, she was unable to provide any specifics as to the amount and consistency of the help she received.
After a thorough review of the record, we find that there is a reasonable factual basis for the findings of the trial court. In addition, we are unable to find that the trial court was clearly wrong. Clearly, the evidence of Ms. Chisholm's financial condition demonstrates that she had a financial motive to destroy her vehicle. Furthermore, we find no error in the trial court's implicit finding that the evidence in the record eliminates all reasonable alternatives but that Ms. Chisholm was involved in the arson of her vehicle. Therefore, this assignment of error is without merit.
In her final assignment of error, Ms. Chisholm contends that State Farm's reconventional demand was filed outside the prescriptive period. Ms. Chisholm's petition was filed in the 19th Judicial District Court on April 22, 2004. State Farm did not file its reconventional demand until July 28, 2005. Ms. Chisholm contends that State Farm's reconventional demand is prescribed because it was filed outside the one-year prescriptive period provided for delictual actions by LSA-C.C. art. 3492. State Farm argues that its claim against Ms. Chisholm is not governed by Article 3492 because its claim is grounded in contract and is not, therefore, a delictual action. Thus, State Farm contends its reconventional demand is governed by LSA-C.C. art. 3499, which provides for a ten-year prescriptive period for personal actions.
We find it unnecessary to resolve this issue, however, because regardless of the theory under which the reconventional demand proceeds, the claim has been filed within the applicable prescriptive period. If, as State Farm suggests, the matter is governed by Article 3499, the reconventional demand clearly has been filed within the allotted ten-year period. If, however, the matter is governed by Article 3492, prescription has not yet begun to run under the continuing tort theory. This theory was recognized by the Louisiana Supreme Court in South Central Bell Telephone Company v. Texaco, Inc., 418 So. 2d 531, 533 (La. 1982), when the court stated, "[w]hen the tortious conduct and resulting damages continue, prescription does not begin until the conduct causing the damage is abated .... Where the cause of the injury is a continuous one giving rise to successive damages, prescription dates from cessation of the wrongful conduct causing the damage." Thus, while Ms. Chisholm persisted in her claim and subsequent suit against it, State Farm has continued to sustain damage, as it was required to defend itself in this matter. Accordingly, whether State Farm's action is classified as delictual or as one arising out of contract, the claim was timely filed.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiff, Monika Unique Chisholm.
AFFIRMED.
NOTES
[1] This total included the following charges: (1) $1,600.00 paid to Enterprise for the car rental for Ms. Chisholm; (2) $2,385.77 paid to Randy Callison and The ProNet Group, Inc., for an inspection of the vehicle and a formal report; (3) $488.00 paid to Copart Salvage, where Ms. Chisholm's vehicle was towed and stored during the investigation; (4) $772.00 paid to Porteous, Hainkel & Johnson, LLP, for the preparation and taking of an examination under oath of Ms. Chisholm; and (5) $375.10 paid to On The Record, Inc., for the transcription of Ms. Chisholm's examination under oath.
[2] Ms. Chisholm also filed a motion for new trial, which was denied by the trial court.
[3] Ms. Chisholm contends that this court should conduct a de novo review of the record because certain errors of law allegedly committed by the trial court have interdicted the factfinding process. Because we find no error in the trial court's evidentiary ruling challenged by Ms. Chisholm's first assignment of error, a de novo review is not appropriate in this matter.
[4] Ms. Chisholm testified that she originally had a third key to the vehicle, but that she lost it shortly after purchasing the vehicle.